MR. JUSTICE CASTLES
(dissenting) :
I dissent. The district court, in my view, correctly assessed the testimony. The trial judge had the advantage of seeing and hearing the witnesses. A case should not be reversed where there is substantial evidence to support the findings. Larson v. Burnett, 158 Mont. 421, 492 P.2d 921.
Here, after many evasive answers, the Board members finally admitted that the only reason for turning down O’Halloran’s application was that he leased part of his land on a crop-share basis. O’Halloran testified that farming is the sole source of his livelihood for him and his family, that he is a family farmer. A lease should be treated no differently than any other investment. O’Halloran is clearly an individual operator.
At one point during the process of filing applications on behalf of O’Halloran, plaintiff offered to sell his share of stock to the Association for $4,200. This was done on May 19, 1970, at the beginning of the grazing season.
The directors determined that they would purchase plaintiff’s stock but Schmidt would have to pay the yearly assessment thereby netting plaintiff $1,100 to $1,200 on the sale when he had a valid offer of $5,500 with earnest money put down. In this manner the Association would absorb the share for $3,300 to $3,400 less than the market value. The district *343 court having heard and observed the witnesses properly held that in this and their other determinations the directors acted arbitrarily and there was no reason under the Association’s bylaws to disqualify O’Halloran from membership since he met all of the requisite qualifications for membership.
I would affirm the judgment.