LEWIS H. SCOTT and KATHERINE A. SCOTT, Plaintiffs and Respondents, v. ERVIN J. WEINHEIMER and STELLA A. WEINHEIMER, Defendants and Appellants.

No. 10375.

Submitted May 26, 1962. Decided July 13, 1962.

Rehearing Denied August 31, 1962.

374 P.2d 91.

DeKalb, Dockery, Mondale & Johnson, Robert L. Johnson (argued orally), Lewistown, for appellants.

Donald E. Ronish (argued orally), J. E. McKenna (argued orally), Lewistown, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by the defendants, Ervin J. Weinheimer and Stella A. Weinheimer, from a judgment of the district court for Fergus County, Montana, decreeing that the plaintiffs, Lewis H. Scott and Katherine A. Scott, are the owners of an easement for road purposes over lands belonging to the defendants and enjoining the defendants from interfering with its use.

The complaint alleges: That the plaintiffs are the owners in fee simple of a certain tract of land in Fergus County, Montana; that the defendants, since April 29, 1948, have been the owners of land adjacent thereto; that the defendants' land was and is subject to an easement of right of way; that the plaintiffs and their predecessors in interest have been, and the plaintiffs now are, the users and owners of said easement; that the plaintiffs and their predecessors in interest acquired said easement "by reason of open, continuous and unmolested use and travel over it, for more than forty-five (45) years"; that there was not at the time the property was conveyed to the plaintiffs' predecessor in interest nor is there now any "other feasible road" which can be used as a means of ingress to and egress from the plaintiffs' land; that the defendants, in 1949, "willfully, unlawfully, wrongfully, maliciously, and wantonly" erected a gate across said easement; that prior to the filing of the plaintiffs' complaint, "the defendants placed padlocks and a chain on said gate so that the same could not be opened, thereby completely blocking and obstructing" said easement; and that the defendants also placed a chain and padlock on a gate across said easement where the same enters into the land of the plaintiffs, and which gate is in the division fence separating the lands of the plaintiffs and the defendants.

The complaint further alleges: That, on May 22, 1959, at the instance of the plaintiffs, the sheriff of Fergus County, Montana, "contacted said defendants and requested that they unlock said gates in order that the public and these Plaintiffs might traverse said highway and easement, and said Defendants have willfully, unlawfully, wrongfully, maliciously and wantonly neglected and refused the request of said sheriff to unlock said gates or permit passage over said highway and easement"; that the above acts of the defendants are in violation of the rights of the plaintiffs to the use of said easement; and that, by reason of the unlawful acts of the defendants in closing said easement by erecting barriers across the same and

denying the plaintiffs the right to its use, the plaintiffs have been damaged in the sum of $5,000.

In addition to the $5,000 for general damages, the plaintiffs also prayed for exemplary damages in the sum of $5,000, and for a decree perpetually restraining and enjoining the defendants from in any manner closing the plaintiffs' easement or in any manner interfering with the use thereof.

The defendants demurred to the plaintiffs' complaint upon the ground and for the reason that it failed to state facts sufficient to constitute a cause of action. The demurrer was, by the district court, overruled and the defendants given time in which to further plead.

The defendants thereafter answered, admitting that the plaintiffs are the owners of a certain tract of land in Fergus County, Montana, and that they, the defendants, are the owners of land adjacent thereto. The defendants, however, denied all other allegations of the plaintiffs' complaint.

The evidence shows that the plaintiffs, Lewis H. Scott and Katherine A. Scott, own and reside upon a certain tract of land in Fergus County, Montana; that the defendants, Ervin J. Weinheimer and Stella A. Weinheimer, own and reside upon land adjacent thereto, the title to which they acquired in the year 1948; that for a period exceeding 45 years, the plaintiffs and their predecessors in interest have used a road which runs from their land, north across the respective properties of the defendants and one Jack Woodard, and intersects with the state secondary highway between Brooks and Denton, Montana; and that the entire road here described, with the exception of a 200 foot strip leading east across the land of the defendants to the land of the plaintiffs, is used by the defendants as a means of ingress to and egress from their own land and buildings.

The evidence further shows that the road here described, which is the object of this suit, originally ran directly from the Brooks-Denton highway to the plaintiffs' land and to the

buildings situated thereon; that the course of such road was changed slightly in 1913 by the defendants' predecessor in interest, Charles M. Huffine; that the course thereof was again changed in 1948 by the defendants; that as a result of the later change, the road now runs directly to the defendants' buildings; and that, as a result of such change, a 200 foot strip was created running from the plaintiffs' land and buildings west across the defendants' land, and intersecting with that part of the north-south road leading to the defendants' buildings.

The evidence also shows that in 1949, the defendants erected a gate on the west end of the 200 foot strip; that in 1956 the defendants chained and padlocked such gate as well as a gate erected by Huffine in 1913 on the east end of the 200 foot strip, which gate is in the division fence separating the lands of the plaintiffs and the defendants; that as a result of the defendants' acts the plaintiffs were prevented from passing over the road in question; that, on instruction from the County Attorney, the plaintiffs thereafter removed such locks; that the defendants on May 22, 1959, again chained and padlocked the gates on each end of the 200 foot strip; that the plaintiffs were, as a result thereof, once again prevented from passing over the road in question; that the defendants also placed "no trespassing" signs on posts near each gate; that, at the instance of the plaintiffs, the sheriff of Fergus County, contacted the defendants and requested that they unlock the gates here involved so as to permit the plaintiffs' passage over the road in question; and that up until the time of trial the defendants refused to unlock such gates.

At the trial, the plaintiff, Lewis H. Scott, testified that he did not travel over the road in question with anyone's permission; that his understanding was that he had a legal right to do so; that he and his predecessors in interest had been using such road for a period exceeding 45 years; that he had performed maintenance work on the road in question although the bulk thereof was performed by the defendants and their prede-

cessor in interest; and that there was and is no other feasible means of ingress to and egress from his land and buildings other than over the road in question.

Charles M. Huffine, the defendants' predecessor in interest, testified that he owned and resided upon the defendants' land from 1913 to 1948; that he first traveled over the road in question in 1902; that such road was used by the plaintiffs and their predecessors in interest continuously since 1913 as a means of ingress to and egress from their lands; that such road was also used by the public; that he never opposed or objected to the plaintiffs or to anyone else passing over such road; that no one, including the plaintiffs, asked for permission to travel over such road, nor was any such permission ever granted; that the only change he made in the road in question was in 1915 when he moved a gate in the east-west division fence between his and the plaintiffs' land "a couple hundred yards" east; and that there was and is no other feasible means of ingress to and egress from the plaintiffs' land and buildings other than over the road in question.

The defendants' testimony was to the effect that they are the exclusive owners of the road in question; that they have, since the purchase of their land in 1948, exclusively maintained such road; that their exclusive ownership is evidenced by the fact that they moved the south end of the road in question "some two hundred feet to the west"; that such change was made without any protest on the part of the plaintiffs; that in 1948, the plaintiff, Lewis H. Scott, "sought and received" permission to use the road in question; and that there is a means of ingress to and egress from the plaintiffs' land and buildings other than over the road in question.

The only question necessary for this court to determine is whether the district court erred in finding that the plaintiffs, Lewis H. Scott and Katherine A. Scott, had acquired an easement by prescription over the land of the defendants.

"Occupancy for the period prescribed by Title 93 as

sufficient to bar an action for the recovery of the property confers a title thereto, denominated a title by prescription, which is sufficient against all.'' (R.C.M.1947, § 67-1203), and the title to an easement acquired by prescription is as effective as though evidenced by a deed (Stetson v. Youngquist, 76 Mont. 600, 248 P. 196; Groshean v. Dillmont Realty Co., 92 Mont. 227, 12 P.2d 273).

In Title 93, referred to in section 67-1203, supra, are sections 93-2501 to 93-2515, inclusive, which prescribe ten years as the period of limitations applying in this case. (A 1953 amendment, however, has changed the period of limitations to five years in cases arising subsequent thereto.)

To establish the existence of an easement by prescription, the party so claiming must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement claimed for the full statutory period. Scott v. Jardine Gold Min. & Mill Co., 79 Mont. 485, 257 P. 406. By ''continuous and uninterrupted'' use is meant use not interrupted by the act of the owner of the land or by voluntary abandonment by the party claiming the right. In the case at bar there is no proof of either. It is to be noted that it is not necessary that the use should have been continuous in the person asserting the right. It will be sufficient if such use has been continuous in him and those under whom he claims. Groshean v. Dillmont Realty Co., supra.

If there has been the use of an alleged easement for ten years (or five years subsequent to the 1953 amendment referred to above), unexplained, it will be presumed to be under a claim of right, and adverse, and will be sufficient to establish a title by prescription and to authorize the presumption of a grant. Te Selle v. Storey, 133 Mont. 1, 319 P.2d 218.

Applying the foregoing general principles to the facts in this case, the conclusion is irresistible that the plaintiffs acquired an easement by prescription in the road in question. The plaintiffs and their predecessor in interest used such road for

35 years before the defendants became the owners of their land. This use, unexplained, raises a presumption that it was adverse, and under a claim of right.

The only explanation afforded by the defendants is that the road in question had been "obstructed" during all of such period by at least one gate. Even if evidence of gates across the alleged easement is sufficient to overcome the presumption, there is substantial evidence in the record before us to justify a finding that the plaintiffs' use of the road in question was adverse and under a claim of right. The uncontradicted testimony of Charles M. Huffine, the owner of the defendants' land during all of such 35-year period, in and of itself establishes the fact that the use by the plaintiffs and their predecessors in interest of the road in question was adverse and without license or permission.

It is clear from the foregoing that the easement in question was acquired before the defendants became owners of their land. And, the record before us shows that the defendants bought with notice of its existence. In 28 C.J.S. Easements § 48, pp. 711-712, it is stated: "One who purchases land expressly subject to an easement, or with notice, actual or constructive, that it is burdened with an existing easement, takes the land *subject to the easement.*" (Emphasis supplied.)

The evidence shows that the road in question had been used throughout the prescriptive period, not only by the plaintiffs and their predecessors in interest, but also by the defendants and their predecessors in interest, and by persons owning irrigation ditches across the road in question, and also to some extent by persons going to and from pasture lands lying south of the plaintiffs' land. It is urged by the defendants that in such circumstances the use of the road in question was not "exclusive" within the meaning of the law applicable to the acquisition of easements by prescription.

The rule that the user must be exclusive means no more, in the case of an easement for a right of way, than that

the right of the claimant must rest upon its own foundations and not depend upon a like right in any other person. It is not necessary under this rule that the person asserting a right of way by prescription should have been the only one who used the way, so long as he has exercised his right under a claim of right independently of others. Ferguson v. Standley, 89 Mont. 489, 300 P. 245.

A review of the evidence herein discloses that each of the elements necessary to establish title by prescription was supported by substantial evidence. And, where there is substantial evidence in the record to support the findings and judgment of the court below, this court will not disturb them on appeal. Sands v. Superior Buildings Co., 136 Mont. 531, 349 P.2d 314.

The defendants contend that even though the plaintiffs may have established a prescriptive right in the road in question, such right was invalidated by the defendants changing the location of such road. With this contention we do not agree.

Although neither the owner of the dominant estate, nor the owner of the servient estate, may ordinarily change the location of all or part of a right of way, without consent of the other, the location may be changed by mutual consent of both parties and such consent may be implied from their acts and acquiescence. 28 C.J.S. Easements § 84, p. 763.

The defendants, for their own convenience, substituted the new part of the road in question (the 200 foot strip leading into the plaintiffs' land) for the old. It does not appear from the record that the plaintiffs expressly agreed to the change. However, they *acquiesced* in the change and used the entire road in question, including the substituted portion thereof, for a period exceeding ten years. Though not legally obligated to do so, they, in effect, consented to accept the substitute. The plaintiffs' right in the easement, as modified, became fixed after ten years acquiescence by both parties in the change and we so hold.

While neither party has cited nor argued the case of Des-cheemaeker v. Anderson, 131 Mont. 322, 310 P.2d 587, 63 A.L.R.2d 1153, and the cases cited therein, this court noted the argument and authorities included therein. As previously discussed, the evidence herein shows the establishment of a prescriptive use therein prior to any change in the routing, and in addition that the changes of routing apparently were done with the consent of all parties and the public thereto.

Finding no reversible error, the judgment of the district court is affirmed. It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES ADAIR and CASTLES concur.