No. 12533

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

ERNEST F. LUNCEFORD and
JESSIE E. LUNCEFORD,

Plaintiffs and Respondents,

-vs-

DAVID L. TRENK, PAUL TRENK, HELEN
TRENK and CLYDE SCHRECKENDGUST,

Defendants and Appellants.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellants:

Tipp, Hoven and Brault, Missoula, Montana
Raymond P. Tipp argued, Missoula, Montana

For Respondents:

Boone, Karlberg and Haddon, Missoula, Montana
Sam E. Haddon argued, Missoula, Montana
Curtis C. Cook, Hamilton, Montana

---

Submitted: December 5, 1973

Decided: JAN 23 1974

Filed: JAN 23 1974

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment for plaintiffs entered upon findings of fact and conclusions of law by the district court of Ravalli County. The judgment declared plaintiffs to be owners of an easement by prescription for the use of a roadway across defendants' lands; declared the roadway to be a public roadway; and enjoined defendants from interfering with plaintiffs' use of the roadway. Defendants appeal.

The road in controversy is located in Ravalli County, west of Florence, Montana. Plaintiffs Ernest F. Lunceford and Jessie E. Lunceford own land located at the end of the road that comes off of Highway 93. Defendants own parcels of land to the east and southeast of plaintiffs' property. The road enters on an easterly part of defendant Clyde Schreckendgust's property, proceeds approximately one-fourth mile across his property; it then enters on defendants Arthur J. Olsen and Florence Olsen's land; then onto defendants Paul Trenk and Helen Trenk's land. It passes through Trenks' farmyard between their house and barns; then through Trenk land onto the Lunceford land for approximately one-fourth mile ending in the Lunceford farmyard.

The road is described as a one lane rocky road which has been in existence for some fifty years. It was first established to accomodate horse drawn vehicles. Later it was improved for passenger cars and school buses. Defendant Clyde Schreckendgust has lived the longest on the property in question. He has been there continuously since 1938. In 1947 he sold a part of the land crossed by the road to defendants Trenk. In April 1951 plaintiffs Lunceford moved onto their property, first leasing it from a Mrs. Kelly for two years and then purchasing it in 1953.

During some twenty years of use there have been gates and cattle guards on both the Trenk and Schreckendgust property which were installed and maintained only by defendants. Schreckendgust

once billed plaintiffs for half the cost of installing one cattle guard, but plaintiffs refused to pay alleging if they paid for one they might have to pay for others installed later. Trenks and Schreckendgust built a snowblower which was used to keep the road open in the winter, although the Luncefords maintained that they plowed the road in the winter. On several occasions over the twenty years plaintiffs and defendants paid a county operator with county equipment to do maintenance work on the road. The road is not a part of the county records system though over the years it has been used by ditch riders checking headgates located west of the Lunceford property; by fishermen and hunters; by forest service people; and by people visiting the various homes along the road.

Defendants maintain that the road has always been a private road and they should not be penalized because of their implied consent to the use of the road to accomodate the Luncefords and be good neighbors. Defendants argue they maintained the road; posted signs which have been destroyed by parties unknown; denied permission to a timber hauler who tried to haul logs off the Lunceford property; have over the years asked persons using the road to drive carefully; and, during the twenty year period, denied the telephone company an easement to put in a telephone to plaintiffs.

Due to an increase in traffic on the road by all types of vehicles, the parties had several meetings to try and relocate the road so as not to inconvenience defendants, however nothing came from those meetings. On Labor Day 1972, the road was closed to plaintiffs. Reasons given by defendants for this action were: Increase in traffic which in turn caused dumping of garbage along the road; the theft of batteries and auto engines; the cutting of various fences; the breaking down of cattle guards; and, the increase of nuisance factors created by people coming upon the property. Too, in 1971 either the Lunceford property was up for sale or rumored for sale and defendants were afraid the property would be subdivided thereby increasing considerably the traffic and its resulting problems.

Defendants do not appeal the court's finding that the public had established a prescriptive right to use the road, so that question is moot here.

While defendants set forth two issues on appeal, we find only one substantive issue:  Are the trial court's findings that plaintiffs are the owners of an easement by prescription for use of a roadway across defendants' land supported by substantial credible evidence?

Criteria for reviewing the trial court's findings in cases tried without a jury are set forth in Rule 52(a), M.R.Civ.P., which provides in pertinent part:

> "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

The applicable principles to establish an easement by prescription were set forth by this Court in Scott v. Weinheimer, 140 Mont. 554, 560, 374 P.2d 91:

> "To establish the existence of an easement by prescription, the party so claiming must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement claimed for the full statutory period.  Scott v. Jardine Gold. Min. & Mill Co., 79 Mont. 485, 257 P. 406.  By 'continuous and uninterrupted' use is meant use not interrupted by the act of the owner of the land or by voluntary abandonment by the party claiming the right. * * * It is to be noted that it is not necessary that the use should have been continuous in the person asserting the right.  It will be sufficient if such use has been continuous in him and those under whom he claims. [Citing case]
>
> "If there has been the use of an alleged easement for ten years (or five years subsequent to the 1953 amendment referred to above), unexplained, it will be presumed to be under a claim of right, and adverse, and will be sufficient to establish a title by prescription and to authorize the presumption of a grant. Te Selle v. Storey, 133 Mont. 1, 319 P.2d 218."

Later cases citing Scott have considered these principles. In Kostbade v. Metier, 150 Mont. 139, 142, 432 P.2d 382, Justice Castles speaking for the Court said:

> "That the public may acquire the right by prescription to pass over private land is undisputed and such is the law in Montana.  To establish the existence

- 4 -

of a public road by prescription it must be shown that the public followed a definite course continuously and uninterruptedly for the prescribed statutory period together with an assumption of control adverse to the owner. [Citing cases.]"

The Court in O'Connor v. Brodie, 153 Mont. 129, 137, 454 P.2d 920, noted:

"'Where the claimant has shown an open, visible, continuous, and unmolested use of the land of another for the period of time sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right, and not by license of the owner. In order to overcome this presumption, thereby saving his title from the incumbrance of an easement, the burden is upon the owner to show that the use was permissive.' Glantz v. Gabel, 66 Mont. 134, 141, 212 P. 858, 860."

Defendants contend that the presumption of adverse occupancy was overcome by the evidence of permissive use or license. The main thrust of defendants' argument is that because the owners of the servient estate did not object to plaintiffs' use and permitted plaintiffs or their predecessors to enter upon their land a license by defendants' predecessors is to be inferred.

Rebuttable presumptions are overcome by other evidence, direct or indirect. Section 93-1301-5, R.C.M. 1947. The evidence to which defendants defer amounts to inferences of acquiescence. White v. Kamps, 119 Mont. 102, 171 P.2d 343.

Here, the presumption of claim of right and adverse use is clearly shown by the evidence. Mrs. Kelly, who sold to the plaintiffs in 1953, testified as to her use and the use by the public from 1944 to 1952; Albert Martin, whose family owned the Trenk property from 1920 to the late 1930's, told of using the road during that period and of its use by the public; Art Hayden, a Stevensville drayman, testified as to its use during the 1920's and 1930's; Robert Allen, a forest service officer, testified as to the use of the road during the 1920's and 1930's, as did Morris Slaght, a ranch hand. Robert Allen also testified as to the use of the road from 1952. This testimony indicated that the use was not permissive, that no request for permission to use the road was

asked nor given to a vast majority of the users. Plaintiffs assumed they had a right to use the road and used it. Defendants were aware of the use and until 1972 made no effort to restrain the use as to plaintiffs.

The trial court found evidence of use by the public for over fifty years; that such use was without permission of the landowners; and that the public was never denied use by the owners. Here. as in <u>Scott,</u> a presumption in favor of the use was established and that presumption was not overcome by defendants' testimony.

The judgment of the district court is affirmed.

_John Conway Harrison_
Justice

We Concur:

_Dames Harrison_
Chief Justice

_Nichol 8 Haswell_

_____

_____
Justices.

Mr. Justice Wesley Castles specially concurring:

I concur, but on a different basis than that set forth in the majority opinion. Here, since no issue of the public right to use the road is raised, the only question is as to the locking of plaintiffs' gate and interference with plaintiffs as members of the public. In other words, defendants' failure to make exceptions to the findings of the trial court as to the public use and resultant public prescriptive right and the failure to appeal that part of the judgment really renders the entire appeal moot. I recognize that the notice of appeal is general in nature but nowhere in appellants' brief is any issue raised except as to the private easement.

```
-------------------------------------------
  Justice.
```