PHIL STAUDINGER, Plaintiff and Appellant, v. KENNETH DeVRIES and CARL DeVRIES, Defendants and Respondents.

No. 14099.
Submitted on Briefs May 17, 1978.
Decided June 19, 1978.
581 P.2d 1.

Joseph E. Mudd, Bridger, for plaintiff and appellant.

Loren Tucker, Red Lodge, for defendants and respondents.

MR. JUSTICE HARRISON delivered the opinion of the Court.

This is an appeal by plaintiff Phil Staudinger from a judgment of the District Court, Carbon County, decreeing that Kenneth and Carl DeVries own a prescriptive easement for a road right-of-way and enjoining plaintiff from interfering. This cause was classified according to this Court's rules of internal operations as a case to be submitted on briefs argument.

The road involved runs across the Southeast Quarter of the Southwest Quarter (SE 1/4 SW 1/4) of Section 10 and the South

Half of the Southeast Quarter (S 1/2 SE 1/4) of Section 10, Township 5 South, Range 21 East, M.P.M., in Carbon County. Testimony indicates the road has been in continuous use and existence since 1942 and for an undertermined period prior thereto. A number of predecessors in title to the property of both plaintiff and defendants indicated they had continuously and without interruption had access to their farm and ranch lands and residences via the road, without restriction. Floyd Huddleston, from whom plaintiff purchased his property in 1965, had owned the property since 1942. He testified that people used the road throughout his ownership without restriction and prior owners of defendant's property split the cost of maintenance with him.

Defendants' predecessors in title testified they used the road prior to 1942 and continued to do so without permission from Huddleston during his ownership period and continued to do so after plaintiff purchased the property, until he put a chain across the road. Also, defendants' predecessors in title cut down trees at the edge of the roadway and placed livestock "passes" in fences across the road without Huddleston's permission, when he owned the property.

Plaintiff purchased his property in 1969 and sometime later he erected a sign at the juncture of the road in issue and U.S. Highway No. 212 which read "No Trespassing Without Permission." The defendants gave no heed to the sign and plaintiff commenced this action.

While there is a county road that can be used part of the year, the testimony indicated that a steep hill leading to that road required a 4-wheel drive vehicle and in the winter months the road would not be useable. The trial court found there was no other access to a public road from the defendant's home and lands during the winter months.

Plaintiff presents three issues for consideration which we combine into one issue—Did the trial court properly find that defendants had acquired a prescriptive right to use the road by openly, notoriously and without the owner's consent use the road over the statutory period?

Plaintiff cites and relies upon *Wilson v. Chestnut*, (1974), 164 Mont. 484, 525 P.2d 24; *Ewan v. Stenberg*, (1975), 168 Mont. 63, 541 P.2d 60; *Harland v. Anderson*, (1976), 169 Mont. 447, 548 P.2d 613; *White v. Kamps*, (1946), 119 Mont. 102, 171 P.2d 343; *Scott v. Weinheimer*, (1962), 140 Mont. 554, 560, 374 P.2d 91. Except for the case of *Scott v. Weinheimer*, supra, we find none of the cited cases controlling. Factually the cases are not in point for here the testimony clearly shows that Huddleston, predecessor to plaintiff, allowed passage over the road and even permitted trees to be cut and fences changed without his permission.

This Court in *O'Connor v. Brodie*, (1969), 153 Mont. 129, 454 P.2d 920, stated the legal proposition that the landowner's knowledge of use without objection creates a presumption of acquiescence rather than a grant of license by permission. The Court held:

" 'Where the claimant has shown an open, visible, continuous, and unmolested use of the land of another for the period of time sufficient to acquire title by adverse posession, the use will be presumed to be under a claim of right, and not by license of the owner. In order to overcome this presumption, thereby saving his title from the incumbrance of an easement, the burden is upon the owner to show that the use was permissive.' *Glantz v. Gabel*, 66 Mont. 134, 141, 212 P. 858, 860." 153 Mont. 137, 454 P.2d 925.

In the instant case we find the testimony clearly established the necessary requirements of a prescriptive easement as set forth in *Scott v. Weinheimer*, supra, including "open, notorious, exclusive, adverse, continuous and uninterrupted use" by the defendants. The two cases are nearly exact on the facts. In both cases travel occurred over the road without permission by persons who thought they had a legal right to do so and who performed maintenance work on the road. In both cases the road was used by the public and owners of the property had not prevented anyone from using it. Indeed, no testimony showed anyone asked for permission to use the road. In this record it is clear that there was substantial evidence to support the District Court's findings of fact, conclusions of law and judgment.

192

We affirm.

MR. CHIEF JUSTICE HASWELL, JUSTICES DALY, SHEA and SHEEHY concur.