STATE OF MONTANA, ACTING BY AND THROUGH THE MON-
TANA STATE FISH AND GAME COMMISSION ET AL., PLAIN-
TIFFS AND APPELLANTS, v. PAUL CRONIN AND JOHN WILSON,
DEFENDANTS AND RESPONDENTS.

PAUL CRONIN AND JOHN WILSON, THIRD PARTY PLAINTIFFS, v.
JOHN CADA, THIRD PARTY DEFENDANT.

No. 14037.
Submitted Sept. 22, 1978.
Decided Nov. 30, 1978.
587 P.2d 395.

Penwell & Bryan, Bozeman, J. David Penwell (argued), Bozeman, for plaintiffs and respondents.

Clayton R. Herron (argued), Helena, for defendants and appellants.

MR. JUSTICE HARRISON delivered the opinion of the Court.

Plaintiff State Fish and Game Commission appeals from a judgment of the Gallatin County District Court decreeing an easement

over their land in favor of the public and defendant Cronin and enjoining plaintiff from interfering with it. Defendant Cronin cross-appeals for costs, damages, and attorney fees.

Plaintiff and defendant Cronin own adjoining properties situated in Township Seven South, Range Four East, Gallatin County, Montana. Plaintiff, owns ¾ of Section Seventeen ("plaintiff's parcel") which is flanked on the east by Highway 191 and on the west by Section 18 of which defendant owns the adjoining northeast quarter ("defendant's parcel"). The route or road in question ("Ridge Road") runs in an east-west direction from Highway 191 across plaintiff's parcel to defendant's parcel (.8 mile) and beyond. A gate stands at the highway entrance and at the border between plaintiff's and defendant's properties on Ridge Road. Ridge Road is historically the only direct access from Highway 191 to defendant's parcel.

Before 1906 both parties were owned by the United States. Northern Pacific Railway Company was deeded plaintiff's parcel in 1906. It was later conveyed to Sappington and Harrington in 1946 and eventually to plaintiff in 1958. Defendant's parcel was deeded by the United States to Hinckley in 1920. Hinckley sold the parcel to Nelson in 1943 who leased it to Knight from 1946 until 1975 when it was conveyed to Cronin. Upon purchase Cronin immediately subdivided the parcel into eight lots of twenty acres each.

The 1958 deed from Sappington and Harrington to plaintiff conveyed the property, "subject to an easement in the public for any public roads heretofore laid out, established, and now existing over and across any part of the premises." The deed was drafted by plaintiff's lawyer and the sale negotiated by plaintiff's land purchasing agent, Borgman, who testified he knew nothing of defendant's parcel or Ridge Road.

Testimonial evidence concerning the use of Ridge Road came from many sources and spanned nearly 70 years. Dorothy Vick, one-time friend and companion to Hinckley, testified to the use of Ridge Road during the 1920's and 1930's. She used it periodically to

visit Hinckley by wagon, on horseback and by automobile. She remembers seeing hunters and others use it. She observed builders on the road extract sandstone from a plentiful source along the road. She knew Hinckley used Ridge Road, for access to and from the highway in hauling goods out to his cabin on the parcel. When questioned on cross-examination if she, Hinckley or the others used the road permissively, she flatly stated "there was a road there and people used it."

Knight leased defendant's parcel from Nelson in 1946 to graze livestock. Although the lease was not produced at trial, Knight testified to the tenancy and his ongoing payment of rent from 1946 until 1975. During these 29 years, Ridge Road was his means of ingress and egress from the highway to the parcel and to an irrigation ditch located about midway along the road. His journeys occurred about one to three times per week from June through October each of the 29 years. According to Knight, Sappington and Harrington were aware of his use but never gave him permission or interfered.

Wortman, plaintiff's game-range manager and field man from 1949-55, traveled Ridge Road by vehicle about six times per year. He witnessed others using the route in the summer.

Pessl, a nearby neighbor, made use of the road from 1960-76, particularly in the rainy season because his driveway was impassible. He once repaired the plank bridge over the irrigation ditch. He saw numerous others, neighbors and members of the general public, pass along Ridge Road.

Plaintiff's examination of certain of its employees at trial elicited testimony of never having seen vehicular travel on Ridge Road. These witnesses had a birds-eye-view of the area by their airborne observation of local wildlife activity. However, their responsibilities were primarily with regard to the Porcupine Game Range west of Highway 191 and the Gallatin River. Through defendant's witness, Vail, aerial photographs depicting visible signs of Ridge Road's existence in 1954, 1962 and 1973 were presented.

Cada, currently employed by plaintiff and in charge of the area

from 1970-75, noticed evidence of vehicular use of the road but did not take action until 1976 when he removed the plank bridge, posted no vehicular use signs, and erected barriers at the entrance and border between plaintiff's and Cronin's parcels on Ridge Road.

During this period defendant Cronin hired defendant Wilson to construct a cabin on his parcel. Together they spurned and disreguarded Cada's attempts to terminate use of Ridge Road; the barriers were torn down, signs pulled up and the road freely used. Around September, 1976, Cronin obtained a 60-day easement over the Simkins-Taylor and Burlington Northern properties to the north. This route stretched approximately four and one-half miles from Highway 191 east to a point due north of defendant's parcel. From there a temporary way was cleared down to the construction site. Wilson used this and Ridge Road alternately while building the cabin from August to November, 1976.

Plaintiff brought suit in Gallatin County District Court seeking to permanently enjoin defendants from further trespassing and damages for the trespass including destruction of its real property (sagebrush, trees, barricades and signs). Defendants answered by general denial and counter-claimed that a right to access across plaintiff's land existed by reason of (1) an easement by express grant or reservation, (2) a private easement by prescription, (3) a public easement by prescription, and (4) an implied reservation of easement by necessity. Plaintiff generally denied the counter-claim and alleged if an easement was acquired it had been abandoned. Following trial without a jury and a viewing of the premises, the District Court ruled in favor of defendants finding an easement (1) for the public by express reservation in the 1958 deed to plaintiff (2) for defendant Cronin by virtue of the 1906 conveyances impliedly reserving a way of necessity, (3) for defendant Cronin by prescription, and (4) for the public by prescription. The court permanently enjoined plaintiff from "interfering in any way with the public's or Cronin's use of the Ridge Road", limited use to access to and from Cronin's parcel and granted Cronin the right to take reasonable steps to maintain Ridge Road.

Plaintiff raises eight issues for our review:

1. Whether the District Court erred in finding plaintiff purchased its parcel in 1958 subject to an express easement for the public over Ridge Road.

2. Whether the court erred in finding the United States deed of plaintiff's parcel in 1906 to plaintiff's predecessor in title impliedly reserved an easement by necessity in the grantor (defendant's predecessor) for access to Section 18.

3. Whether substantial evidence supported the court's finding a prescriptive easement for defendant over plaintiff's property.

4. Whether the court erred in finding defendant's predecessor (Nelson) leased the property to Knight.

5. Whether substantial evidence supported the court's finding a prescriptive easement in favor of the public over Ridge Route.

6. If a prescriptive right in the public and defendant was shown, did the court err in not limiting the length of the easement route?

7. If a prescriptive easement in public and defendant was shown, did the court err in not limiting its scope.

8. Whether the court erred in finding both public and private prescriptive easements were acquired.

Defendants cross-appeal for costs, damages and attorney fees. We address each issue in order.

In 1958 plaintiff's attorney prepared a deed by which they took Sappington and Harrington's realty "[s]ubject to an easement in the public for any part of the premises." The District Court found an easement was thus expressly reserved in favor of the public over Ridge Road. Plaintiff contends no evidence supports that Ridge Road was laid out, established or maintained by the county or other public body and, therefore, the court's finding was in error.

Generally, an easement expressly reserved for the public will be upheld as long as the deed's language sufficiently locates the easement thereby reserved. 25 Am.Jur.2d *Easements and Licenses* § 20. The language is construed in accordance with the clear intent of the parties. *Larson v. Burnett* (1972), 158 Mont.

421, 427, 492 P.2d 921, 925. If the language is ambiguous, it will be construed against the party drafting the instrument. Section 13-720, R.C.M. Here, while Highway 191 (contiguous to the parcel conveyed) was elsewhere mentioned in the deed, Beaver Creek Road (traversing the parcel conveyed) was not. Whether Ridge Road was in 1958 a public road within the meaning of the language used was a question of fact resolved in the affirmative. The transcript and exhibits in this case reflect substantial credible evidence from which to conclude Ridge Road was a public road contemplated by the deed, and we therefore uphold it.

Plaintiff contends an easement cannot be reserved in favor of a stranger to the deed unless the grantor otherwise indicates *Wilson v. Chestnut* (1974), 164 Mont. 484, 492, 525 P.2d 24, 28. Here, the deed indicates otherwise. In *Wilson* the deed's express reservation did not specifically name the public as dominant tenant. The Court stated: "It is elementary that if the 'reservations' did in fact grant to the public an easement across Chestnut's land, he took subject to it." 164 Mont. at 492, 525 P.2d at 28. See also, Annot., 88 A.L.R. 1199, 1201 § 1 (1963). In the instant case, the public was named and there was substantial evidence of continuing public use. The use was not, as in *Wilson*, permissive. *Wilson v. Chestnut*, supra, 164 Mont. at 491, 525 P.2d at 27-28.

Plaintiff next contends the court erred in finding an implied easement of necessity in favor of Cronin's predecessor and therefore in favor of Cronin because implied easements by necessity are not recognized in Montana. *Simonson v. McDonald* (1957), 131 Mont. 494, 501 311 P.2d 982, 986. *Simonson*, which held that implied easements by necessity do not exist in Montana because condemnation provisions (section 93-9902(6), 93-9923, R.C.M.1947) supersede, was expressly overruled by *Thisted v. Country Club Tower Corp.* (1965), 146 Mont. 87, 103, 405 P.2d 432, 440. Subsequent case law abandons the *Simonson* proposition. See, *Ingles v. Mickalson* (1976), 170 Mont. 1, 4, 549 P.2d 459, 461; *Godfrey v. Pilon* (1974), 165 Mont. 439, 529 P.2d 1372.

Both plaintiff and defendant lump together the issues of im-

plied *reservation* of easement by necessity and implied *grant* of easement by necessity. To settle the "necessity" question, i.e., if no other means of ingress and egress was available at the time of the conveyance, the court should have engaged in a twofold factual inquiry: (1) whether in 1906 (when the United States deeded plain tiff's parcel to his predecessor in title) no access to defendant's parcel other than Ridge Road existed, and (2) whether in 1914 (when the United States deeded defendant's parcel to his predecessor in title) no access to a public road other than Ridge Road existed. Review of the record uncovers no evidentiary basis for either conclusion. Evidence of defendant's parcel being landlocked *at the time of trial* was presented, but to establish an implied easement by necessity (reservation or grant) "strict necessity" must be shown *at the time of the conveyance. Godfrey*, 165 Mont. at 447, 529 P.2d at 1376. Inquiry into the "open and visible" nature of the alleged way of necessity *at the time of the conveyances* is likewise not bourne out by the record.

We caution court and counsel to explore these factual questions where an implied (grant or reservation of) easement by necessity is asserted. Examination of the titles to the surrounding parcels would provide a reliable indication of whether strict necessity existed when the land in question was conveyed. We therefore reverse the finding of implied easement by necessity, there being insufficient evidence in the record to support it.

Plaintiff next contends the court erred in placing the burden on it to prove the nonexistence of a prescriptive easement and that adverse use for the prescriptive period was never proven.

Once open, continuous, visible and uninterrupted use of another's land is shown, a presumption arises that such use was adverse. It is incumbent upon the landowner to rebut the presumption by showing that the use was permissive. *Mountain View Cemetery v. Granger* (1978), 175 Mont. 351 574 P.2d 254, 257; *Staudinger v. DeVries* (1978), 177 Mont. 189, 581, P.2d 1, 2. In this regard, plaintiff urges that the gates on Ridge Road were strong evidence of permissive use. *Cope v. Cope* (1971), 158 Mont.

388, 493 P.2d 336. The presence of gates, regardless of their location, is not alone sufficient to establish permissive use. *Hayden v. Snowden* (1978), 176 Mont. 169, 576 P.2d 1115, 1118, (citing cases). Plaintiff did not rebut the presumption of adverse use. Indeed, the evidence indicated plaintiff's predecessor in title knew of Knight's regular use for at least eleven years without objecting or granting permission. The evidence supports the District Court's finding a prescriptive easement in favor of defendant.

Plaintiff next proposes the District Court erred in finding defendant's predecessor in title, Nelson, leased the parcel to Knight. Although Knight, lessee, testified to the landlord-tenant relationship and his annual payment of rent for 29 years, plaintiff argues failure to produce the written lease violated the best evidence rule. The best evidence rule applies only where the terms of a writing are material. Here, the precise terms of the lease were not at issue. Knight's status as lessee from 1946 to 1975 bore on whether his open and uninterrupted use of Ridge Road could be credited to Nelson, defendant's predecessor in title. Knight's testimony was sufficient for that purpose and did not offend the best evidence rule.

Plaintiff next contends the evidence was insufficient for the District Court to find a prescriptive easement in favor of the public because the public's use was not adverse enough. *Ewan v. Stenberg* (1975), 168 Mont. 63, 67-68, 541 P.2d 60,63. Plaintiff's citation of *Ewan* is perplexing. There the use began as a neighborly accommodation between private landowners and turned sour only a few years before a prescriptive right was asserted. In the present controversy the use was shown never to be permissive during the period of public use. In *Hayden v. Snowden*, supra, this Court affirmed a nonexclusive prescriptive easement occuring through public use described as "slight, irregular but continuous" after characterizing the right-of-way as "not a well travelled thoroughfare." 576 P.2d at 1117. Reviewing the record, the public's use of Ridge Route qualifies as sufficiently open, continuous, and uninterrupted to

raise the presumption previously cited. *Kostbade v. Metier* (1967), 150 Mont. 139, 432 P.2d 382; *Lunceford v. Trenk* (1974), 163 Mont. 504, 518 P.2d 266.

Error is alleged in the court's not limiting the length of the easement route. Plaintiff's argument is confined to certain evidence produced at trial and fails to consider other substantial evidence presented of prescriptive use over the full route. The totality of evidence sustains the court's finding of an easement by prescription over all of Ridge Road.

■ Plaintiff's central concern that this easement might mushroom into a heavily traveled road to serve a subdivision and consequently ruin the wildlife sanctuary of a prescriptive easement is governed by the character of the use made during the prescriptive period and should not exceed the greatest use then enjoyed. *O'Connor v. Brodie* (1969), 153 Mont. 129, 454 P.2d 920; section 67-606, R.C.M.1947.

Since we reverse the finding of an implied easement by necessity, the scope of defendant's easement will not be determined by the necessity.

In view of the fact that Cronin's subdivision was before the District Court, the order "limiting" use of Ridge Route was not sufficiently specific by its terms. The order should clarify that the scope of the prescriptive easement shall be reasonably related to the use enjoyed during the prescriptive period. The case is therefore remanded to the District Court for clarification of the scope of the private easement acquired by Cronin.

■ Plaintiff next contends the findings of a private and public easement by prescription over the same period are inconsistent and therefore invalid. It feels that use by the public in common with the defendant is not "exclusive". The requirement of exclusive in acquisition of a right to land by adverse possession is quite different from the exclusively required in acquisition of private prescriptive right-of-way. "An 'exclusive' use means that the claimant's right to use the right-of-way is independent of a like right-of-way in

another." *Larson v. Burnett* (1972), 158 Mont. 421, 425, 492 P.2d 921, 924. Therefore, a claimant need merely show he enjoyed the use in his individual capacity as distinct from use as a member of the general public. Several recent cases are illustrative. *Hayden v. Snowden*, supra; *Staudinger v. DeVries*, supra; *Lunceford v. Trenk*, supra.

As to defendants' cross-appeal for costs, damages and attorney fees, except for costs, under sections 93-8602(6), 93-8603, and 93-8618, R.C.M.1947, denial of these was within the District Court's sound discretion. The mandatory language of section 93-8603, however, requires award of costs to defendant on timely application pursuant to section 93-8619, R.C.M.1947. The District Court's denial of costs is therefore reversed and defendant's costs of $824.70 awarded.

The judgment of the District Court is reversed in part and remanded for clarification consistent with this opinion.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, SHEA and SHEEHY concur.