No. 80-347

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

RANDOLPH S. WHITE and
NANCY R. WHITE,

Plaintiffs and Appellants,

vs.

JOHN A. LANDERDAHL and
BONNIE I. LANDERDAHL,

Defendants and Respondents.

_____

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin.
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

William L. Pepper, Bozeman, Montana

For Respondents:

Landoe, Brown Law Firm, Bozeman, Montana

_____

Submitted on briefs: January 29, 1981

Decided: March 18, 1981

Filed: **MAR 18 1981**

_Thomas J. Kearney_
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiffs Randolph and Nancy White appeal from the judgment of the Eighteenth Judicial District Court, Gallatin County, denying plaintiffs' claim to a roadway easement crossing property owned by defendants John and Bonnie Landerdahl. Following a nonjury trial, the District Court entered findings of fact, and conclusions of law, holding that no implied easement of necessity exists across defendants' property providing access to plaintiffs' property.

Plaintiff attributes two errors to the holding of the District Court for our review:

1. Whether the record contains substantial credible evidence to support the court's refusal to find an implied easement of necessity; and

2. Whether an implied easement of necessity exists by operation of law given the facts of this case?

After a review of the record of this case and the argument of counsel, we affirm the judgment of the District Court.

Randolph White is a Bozeman-area real estate salesman and land developer. In 1974, he and his wife purchased 27 acres of land located near Bozeman Pass and Bridger Bowl ski area. Plaintiffs subdivided the land into a 16-acre south tract and an 11-acre north tract, built a home on the 11-acre tract, and offered both tracts for sale. These two tracts lay to the south of Marchwick Road, the access road. A dirt wagon trail runs from Marchwick Road through the 11-acre tract to the 16-acre tract, providing roadway access to the 16-acre tract. Exhibit No. 13, plaintiffs' sketch of the two tracts, was admitted into evidence to

-2-

explain the location of the two tracts and the roadway
access to the tracts:



Plaintiff's Exhibit 13

In 1975, defendants moved to the Bozeman area and began
to look for a new home. Defendants toured plaintiffs'
properties and decided to purchase the 11-acre tract. Defendants
testified at the District Court trial that they preferred
this property because of its isolation and pristine nature.
In the negotiations between the parties prior to purchase,
defendants continuously objected to any use of the wagon
trail as a roadway access to the 16-acre tract. Defendants
refused to enter into any agreement with plaintiffs including

an easement provision for a roadway to serve the adjoining tract. The contract for deed finally agreed to by all parties for the sale of the 11-acre tract provided the following language governing any easements:

> "13. Easements. Buyers (defendants) agree to permit no additional easements or encumbrances against said property without the written consent of the sellers (plaintiffs)."

The contract for deed did not make any reference to the wagon trail or its use as an access roadway to the 16-acre tract. Plaintiffs explained to the District Court that the omission of a wagon trail easement provision was due to a mistake. Plaintiffs erroneously thought they had an existing easement crossing the 11-acre tract at the time the contract for deed was executed and the property was sold. This mistake leaves the 16-acre tract landlocked and legally inaccessible. Following unsuccessful attempts to secure access, plaintiffs brought this court action against defendants, requesting the court to hold that an implied roadway easement crosses defendants' property, providing access to the landlocked 16-acre tract.

The District Court refused plaintiffs' request. In a memorandum accompanying its judgment, the court explained its action as follows:

> "Was there an implied easement in the instant case?

> "An implied easement is a creature of equity. Equity implies out of the graciousness and fairness of its principles an intent to convey or reserve an easement.

> "The facts of this case clearly argue against equity implying and thus creating an easement. There were over eight offers and counteroffers between the parties involved as to the question of an easement; and finally and definitely there was a decision by the parties that there was not to be an easement granted (road across the property involved).

-4-

". . .

"Montana recognizes implied easements, and some
of the tests for the creation of an implied
easement actually exist here in this case; this
case is out of the norm in that the parties
negotiated time after time on the question of
easement; and by final and mutual consent agreed
there would not be an easement.

"Since implied easements are creatures of equity,
they rest on the implication of an intent by a
court of equity to do justice to the matter. Here
there is no reason to so imply. As a matter of
fact, if the Court did imply, it would be rewriting
a contract and understanding of the parties.

"There is real danger and harm to the Defendants
on the granting of an easement by implication.
While it does not have anything to do with the law
of the case, it is clear that such an easement could
threaten their water supply from the spring; it
certainly would invade the privacy and diminish the
enjoyment of their property, the very thing that the
Defendants wanted. The Defendants came out here to
the West to enjoy the security of isolation; and to
say that a road within a few feet of their barn and
their garden would not affect that privacy and enjoy-
ment of the property for which they spent a great
deal of money would be to ignore the facts of the
case.

"This record will not allow a court of equity to
imply an easement."

Our review of the record sustains this finding and

conclusion of the District Court. Montana case law recognizes

the doctrine of implied easements. See, State by and through

Montana, etc. v. Cronin (1978), ___ Mont. ___, 587 P.2d 395,

35 St.Rep. 1798; Godfrey v. Pilon (1974), 165 Mont. 439,

529 P.2d 1372; and Thisted v. Country Club Tower Corporation

(1965), 146 Mont. 87, 405 P.2d 432. A court, however, may

not create as a matter of law, an implied easement where the

facts indicate the parties did not intend that an easement

be created. See, 25 Am.Jur.2d Easements & Licenses § 34.

Implied easements rest upon the intent of parties gathered

from the evidence. Pioneer Mining Co. v. Bannack Gold Mining

Co. (1921), 60 Mont. 254, 198 P. 748. As the District Court

memorandum explains, the facts in this case indicate that the parties did not intend to provide for an easement. Defendants were quite adamant during the presale negotiations that they did not want any roadway easement to cross their property, restricting the enjoyment of their new home. The record contains substantial evidence to support the District Court's findings, conclusions and judgment.

The judgment of the District Court is affirmed.

_____
                    Justice

We Concur:

_____
Chief Justice

_____

_____

_____
                Justices

-6-