No. 88-222

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

CHARLES R. WAGNER, MELISSA L. WAGNER
AND WILLIAM L. PETERSON,

Plaintiffs and Appellants,

-vs-

ANDREA OLENIK, JAMES C. HERBEL, and
ETHEL HERBEL,

Defendants and Respondents.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Big Horn,
The Honorable William Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Moses Law Firm; Stephen C. Moses, Billings, Montana

For Respondent:

Dorsey & Whitney; John G. Crist, Billings, Montana

Submitted on Briefs: Aug. 18, 1988

Decided: September 26, 1988

Filed: SEP 2 6 1988

Ethel M. Harrison

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal from the Thirteenth Judicial District, in and for the County of Big Horn, involves appellants Wagners' and Peterson's (Wagners') claim for an easement by necessity across the property of respondents Olenik and Herbels. The District Court granted Olenik's and Herbels' motion for summary judgment holding that no easement by necessity existed. We affirm.

Wagners present the following issues for review:

(1) Was there a factual issue before the Court regarding access to the premises in 1914?

(2) Can an implied easement be extinguished by adverse possession?

The relevant facts and procedure are as follows: The lower court reasoned that no easement existed because the common grantor of the parties' predecessors in title, the United States, had access out of its property at the time a transfer to Olenik's predecessor in title severed unity of the parcels. The lower court also held that even if an easement had existed at the time the United States severed unity of title, adverse possession had extinguished the easement prior to the claim made here. We agree that no facts support Wagners' contention that an easement by necessity has ever existed on the properties at issue, and affirm on that basis.

The alleged easement, a two track unimproved trail the width of an automobile, runs through Wagners' property in Section 27, Township 3 North, Range 33 East, M.P.M., Big Horn

County, Montana, and proceeds through property owned by Herbels and Olenik in Sections 34 and 35, Township 3 North, Range 33 East, M.P.M., Big Horn County, Montana.

The parties agree that after unity of title was broken no one person has held all the parcels through which the trail runs. The parties also agree that no express easement was retained by the government when unity of title was severed.

The following conveyances are listed in the lower court as agreed facts:

11. The following portions of the Olenik property were conveyed from the United States Government to Olenik's predecessors in interest by Patent No. 404785 on May 13, 1914:

The South half (S½) of the Northeast quarter (NE¼) and the Southeast quarter (SE¼) of the Northwest quarter (NW¼) of Section 35, Township 3 North, Range 33 East, M.P.M. according to the Official Plat of the Survey of the said Land, returned to the General Land Office by the Surveyor-General.

12. The following portions of the Olenik property were conveyed to Olenik's predecessors in interest by Patent No. 450810 on December 23, 1914:

The Southwest quarter (SW¼) of the Northwest quarter (NW¼) of Section 35 and the Northeast quarter (NE¼) of Section 34 of Township 3 North, Range 33 East, M.P.M. according to the Official Plat of the Survey of the said Land, returned to the General Land Office by the Surveyor-General.

13. The following portion of the Herbel Property as conveyed to Herbels' predecessors in interest by Patent No. 479100 on June 21, 1915:

The North half (N½) of the Northwest quarter (NW¼) of Section 35, Township 3 North, Range

3

33 East, M.P.M. according to the Official Plat of the Survey of the said Land, returned to the General Land Office by the Surveyor-General.

14. The following portion of the Wagner/Peterson property as conveyed to Wagner/Peterson's predecessors in interest by Patent No. 579984 on April 23, 1917:

The South half (S½) of Section 27, Township 3 North, Range 33 East, M.P.M. according to the Official Plat of the Survey of the said Land, returned to the General Land Office by the Surveyor-General.

15. The following portion of the Olenik property was conveyed to Olenik's predecessors in interest by Patent No. 579982 on April 23, 1917:

The Northwest quarter (NW¼) of Section 34 East, Township 3 North, Range 33 East, M.P.M. according to the Official Plat of the Survey of the said Land, returned to the General Land Office by the Surveyor-General.

The parties agree that the first conveyance, on May 13, 1914, severed unity of title. The only fact question remaining for the lower court on the actual existence of the alleged easement was whether the grantor of the parties' predecessors in title, the United States, retained an easement by necessity because the conveyance cut off access to its remaining property. The lower court found in this regard:

[A]t the time of separation of the ownership of the property, that is 1914, there was an alternative route to the highway in question, hence an easement by necessity was not created at that time.

Facts presented by Olenik and Herbels revealed that no physical barriers existed to prevent the United States from gaining access to what became Wagners' property across

property remaining in its ownership following the conveyance on May 13, 1914. Wagners offered no facts to refute this contention.

I.

On the first issue Wagners contend the District Court erred because it equated the possibility of riding a horse across open prairie with "access" for analyzing whether necessity to use the alleged easement existed in 1914. Olenik and Herbels respond that Wagners incorrectly equate "access" with the existence of a road or trail. We agree with Olenik's and Herbels' argument.

Necessity must be strictly defined by the lack of the means of ingress and egress. State v. Cronin (1978), 179 Mont. 481, 488, 587 P.2d 395, 399. A strict definition of the lack of a way in and out of property does not include lack of a road under the agreed facts of this case. See, e.g., Oyler v. Gilliland (Ala. 1980), 382 So.2d 517. The agreed facts demonstrate that the United States retained access to the South half of Section 27, that is, what became Wagners' property, at the time the May 13, 1914, conveyance severed unity of title. More specifically, the facts reveal that the United States had access in and out of the South half of Section 27 from the North half of Section 27, the South half of Section 26, the South half of Section 28, and beyond.

Necessity of the alleged easement for access to the parcel retained by the grantor must exist at the time unity of title is broken. Graham v. Mack (Mont. 1984), 699 P.2d 590, 596, 41 St.Rep. 2521, 2528. Otherwise, no easement is created. Cronin, 587 P.2d at 399.

District courts properly grant summary judgment when no material fact questions exist, and in light of the

5

substantive principles of law involved, the established facts entitle the movant to judgment as a matter of law. *Fleming v. Fleming Farms, Inc.* (Mont. 1986), 717 P.2d 1103, 1106, 43 St.Rep. 776, 779. The lack of a material fact question on the absence of necessity at the time the May 13, 1914, conveyance entitled Olenik and Herbels to judgment as a matter of law.

II.

The second issue here is rendered moot by resolution of the first issue because in the absence of creation of an easement by necessity, no showing need be made that Olenik's and Herbels' control of the alleged easement extinguished such easement. Thus, we affirm on the basis of resolution of the first issue for Olenik and Herbels.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices