No. 14878

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

MARION C. McCLURG, and LOIS K. McCLURG,
husband and wife,

Plaintiffs and Appellants,

vs.

FLATHEAD COUNTY COMMISSIONERS and
CLIFFORD VINJE, Road Supervisor,

Defendants and Respondents.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable James M. Salansky, Judge presiding.

Counsel of Record:

For Appellants:

M. Keith McClurg, Bigfork, Montana

For Respondents:

Ted O. Lympus, County Attorney, Kalispell, Montana

---

Submitted on briefs: January 22, 1980

Decided: APR 24 1980

Filed: 1980

_Thomas J. Kearney_
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiffs appeal the orders of the Flathead County District Court setting aside the entry of default against the defendant County and granting summary judgment to the County. Plaintiffs contend that the default should not have been set because the County had no justifiable excuse in failing to timely file an answer, and that the facts do not support a finding that the public possessed a prescriptive easement over that portion of Echo Lake Road which crosses the plaintiffs' property.

Echo Lake Road is located in Big Fork, Montana, and has been used by members of the public for over 33 years. In April 1951, when the plaintiffs, Marion and Lois McClurg, bought their property, the road was a narrow, ungraded trail. Over the years, the Flathead County Road Department has widened and graded the road. Other maintenance has included placing gravel on the road, and in winter sanding and plowing.

The plaintiffs have never placed barriers on the road or attempted to block the public's access to it. However, in recent years they have become increasingly annoyed by car owners whose vehicles have become immobilized on the snowy hill adjacent to their home. On September 2, 1976, the plaintiffs filed a complaint seeking a declaratory judgment that the County had a duty to erect signs, barricades, and gates in order to prevent the public from crossing plaintiffs' property.

Other than filing a motion to dismiss, the County did not oppose the plaintiff's complaint. While their motion was still pending, the County received an extension of time to file an answer. During this time, the County consulted with plaintiffs

-2-

and advised them to address their grievance to county administrators. In December 1976, the plaintiffs filed a petition to abandon the road with the county commissioners. On February 3, 1977, prior to the county's action on the petition, the plaintiffs had the clerk of court enter a default against the County. Approximately three weeks later, the County denied the plaintiffs' petition and filed an answer to the complaint.

On May 16, 1977, the County filed a motion to set aside the entry of default. The court granted the motion on April 13, 1978. The plaintiffs appealed this order but in an opinion filed on December 21, 1978, we concluded that court's order was not a final judgment and dismissed the appeal.

After the issuance of the remittitur, both parties filed motions for summary judgment. The County also filed the depositions of Marion and Lois McClurg and the affidavit of Road Superintendent, Clifford Vinje. On August 22, 1979, the court filed an order which denied the plaintiffs' motion and granted the defendant's motion for summary judgment. The court's judgment provided that the public had acquired a prescriptive easement for use of the road on the plaintiffs' property and that the plaintiffs should receive nothing by reason of their complaint against the County. The defendant appeals this judgment and the court's order setting aside entry of default.

The party seeking to set aside an entry of default must establish good cause for the default and the existence of a meritorious defense to the action. See, Donlan v. Thompson Falls C & M Co., et al. (1910), 42 Mont. 257, 112 P. 445; Gomes v. Williams (10th Cir. 1970), 420 F.2d 1364, 1366; 6 Moore's Federal Practice §55.10[2], p. 55-237. See also, Rule 55(c), M.R.Civ.P. The plaintiff contends it was error for the District Court to set aside the default because the

-3-

County had no justifiable excuse for failing to file a timely answer and the County's answer did not cure the default.

A District Court's discretion to set aside entry of default should be liberally exercised to promote trial on the merits, and an order setting aside default will be reversed only in exceptional cases. See Holen v. Phelps (1957), 131 Mont. 146, 308 P.2d 624. This is not, as the plaintiffs suggest, a case where the party attempted to cure a default by simply filing an answer. See Johnson v. Matelich (1973), 163 Mont. 329, 336, 517 P.2d 731. Here the County filed an affidavit stating that the plaintiffs prior to obtaining an entry of default, filed a petition for abandonment of the road and led the County to believe that further judicial action would be forestalled until completion of administrative proceedings on the petition. The County's affidavit was sufficient to support the court's finding that the delay was not totally inexcusable.

The County also made a showing that a defense to the plaintiffs' action was available. Before making its motion to set aside entry of default, the County filed an answer in which it alleged the public possessed a prescriptive easement over the plaintiffs' property. The existence of an easement was supported by the plaintiffs' complaint which alleged that the public had continually harassed the plaintiffs during the winter months when cars became immobilized on plaintiffs' road. There was no abuse of discretion in permitting the case to proceed to trial.

The plaintiffs' next contention is that the public used the road with the plaintiffs' consent and thus did not acquire a prescriptive easement. But there is undisputed evidence here to support each of the elements required for

-4-

establishing a prescriptive easement, and summary judgment for the County was proper.

The public acquires the right of prescription to use a road passing through private property when its use of the road is continuous and uninterrupted across a definite course for the prescribed statutory period with the exercise of control adverse to the owner. See Kostbade v. Metier (1967), 150 Mont. 139, 432 P.2d 382. Since 1953, the statutory period for adverse possession has been 5 years. See section 70-19-404, MCA. It is not disputed that the public has used the road to cross plaintiffs' property for over 25 years. The public's use of the road has been continuous and uninterrupted. The road has always been open and unimpeded by any barrier. It has not changed course since the plaintiffs' purchase of the land in 1951.

The plaintiffs' assertion of error concerns only the last element for establishing a prescriptive easement, the exercise of control adverse to the owner. Adverse control is presumed when all other elements have been proved. See Garrett v. Jackson (1979), ____ Mont. ____, 600 P.2d 1177, 36 St.Rep. 1769; Kostbade v. Metier (1967), 150 Mont. 139, 145, 432 P.2d 382. The undisputed facts support rather than rebut this presumption. Plaintiff Marion McClurg admitted in his deposition that most members of the public never asked for permission. In 1962, the County did talk with McClurg about widening the road. On the other hand, grading, laying gravel and other maintenance of the road has been performed without the plaintiffs' permission. There are no disputed facts material to the motion for summary judgment and the order granting summary judgment to the County was proper.

The plaintiffs argue that the public's acquisition of a prescriptive easement without compensation to the plaintiffs is an unconstitutional taking of private property. In this

connection, they maintain that taking of private property for a public roadway is not permissible when an alternate route is available. In effect, the plaintiffs have argued that the public cannot acquire a prescriptive easement. Such a contention is contrary to well established precedent. See Kostbade, supra. We see no reason to establish additional requirements for acquiring a public easement.

The judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-6-