No. 87-544

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

FRANCES CAROLINE PARKER,

   Plaintiff and Respondent,

-vs-

CARRIE WILMOTH ELDER,
ROBERT DALTON and VADA DALTON,

   Defendants and Appellants.

_____

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Big Horn,
               The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Bert W. Kronmiller and James E. Torske, Hardin,
      Montana

   For Respondent:

      Freeman Law Firm; Natasha Morton, Hardin, Montana

_____

Submitted on Briefs:   May 19, 1988

Decided:   July 21, 1988

Filed: JUL 2 1 1988

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The District Court for the Thirteenth Judicial District, Big Horn County, has entered a permanent injunction enjoining defendants from interfering with plaintiff's use of a road which crosses defendant Carrie Wilmoth Elder's land. For reasons expressed herein we affirm. Defendants raise the following issues on appeal:

1. Did the District Court err by concluding that the subject road was a public road by reason of and pursuant to 43 U.S.C. § 932?

2. Did the District Court err by concluding that the plaintiff had a road right of way by reason of prescriptive easement?

The action involves a road located about 20 miles east of Decker, Montana, on property owned by Carrie Wilmoth Elder. The road begins at a county road and runs northwest across Mrs. Elder's land for approximately four-tenths of a mile. This is the portion now in dispute. The road then enters property owned by plaintiff Frances Caroline Parker and continues northwest less than one-half mile to Mrs. Parker's home and ranch buildings.

Gloria Schwalbe testified that her father, in 1916, homesteaded what is now Mrs. Parker's place. Mrs. Schwalbe lived there from 1917 to 1941, and during that period no other road existed for travel to the county road. Her family and at least three other families used the subject road regularly since 1916.

Mrs. Elder and her husband occupied land southeast of Mrs. Schwalbe's home, at least by 1926. Mr. Elder received a patent for the land from the United States in 1927. This property included the land upon which the disputed lower portion of the road runs. Mrs. Schwalbe testified that

2

children used the road to attend the Pine Butte School, starting in 1925.

About the time Mrs. Schwalbe left in 1941, her father sold the ranch to Mrs. Parker's brother-in-law. Mrs. Parker and her husband bought the ranch in 1946 and moved onto the place in 1947. Mrs. Schwalbe testified that she returned for a short visit in 1957, and she used the same road she and her family had always used since 1916.

Mrs. Parker testified that she used the road almost daily for 39 years. In November 1985 she drove down the road from her home toward the county road, but when she came to the fence line between her property and Mrs. Elder's, she found that the gate had been removed and two steel posts had been driven into the road between the gate posts. Four strands of wire had been stretched across the road and attached to the steel posts. Mrs. Parker later saw that the gate at the county road had also been wired shut. Sometime before this, bad relations had developed between Mrs. Parker and Mrs. Elder's daughter and son-in-law, Vada and Robert Dalton. The Daltons, who are defendants in this action, had wired the gates shut. Mrs. Parker filed this action seeking injunctive relief and damages.

I

Did the District Court err by concluding that the subject road was a public road by reason of and pursuant to 43 U.S.C. § 932?

In 1866, Congress enacted Revised Statute § 2477 which read as follows:

> The right of way for the construction of highways over public lands, not reserved for public uses, is granted.

3

That section was in effect during the years pertinent to litigation of this issue. 43 U.S.C. § 932 (repealed 1976). Section 2477 was explained in State ex rel. Dansie v. Nolan (1920), 58 Mont. 167, 172-73, 191 P. 150, 152:

> Section 2477 of the Revised Statutes of the United States goes no further than to grant a right of way for the <u>construction</u> of a highway across public lands . . . The grant is but an offer of the right of way for the construction of a public highway on some particular strip of public land, and can only become fixed when a highway is definitely established and constructed in some one of the ways authorized by the laws of the state in which the land is situated.

Section 1339, RCM (1915) (previously § 1337, RCM (1907)), described the ways authorized by the State of Montana for establishing public highways:

> All highways, roads, lanes, streets, alleys, courts, places and bridges laid out or erected by the public or now traveled or used by the public, or if laid out or erected by others, dedicated or abandoned to the public, or made such by the petition [sic, should read "partition"] of real property, are public highways.

Montana law recognized the existence of highways by prescription when used by the public for the appropriate statutory period of limitation. State v. Auchard (1898), 22 Mont. 14, 16-17, 55 P. 361, 362, overruled on other grounds, Reid v. Park County (Mont. 1981), 627 P.2d 1210, 1213, 38 St.Rep. 631, 634. The applicable statute of limitations for purposes of this case was 10 years. Sections 4571 and 6432, RCM (1907). Additionally, the public use "must be shown to have continued over the exact route claimed. . . ." <u>Dansie</u>, 191 P. at 152; see also Montana Ore-Purchasing Co. v. Butte & Boston Consol. Mine Co. (1901), 25 Mont. 427, 65 P. 421.

This Court shall not set aside findings of fact made by a district court unless those findings are clearly erroneous. Rule 52(a), M.R.Civ.P. If there is substantial credible evidence to support the findings, those findings are not clearly erroneous. See City of Billings v. Billings Firefighters (1982), 200 Mont. 421, 430-31, 651 P.2d 627, 632; Olson v. Westfork Properties, Inc. (1976), 171 Mont. 154, 157, 557 P.2d 821, 823.

After thorough review of the record, we conclude that the plaintiff failed to establish use by the public of the exact route claimed over public land for the 10 year period prior to 1927 when the patent was issued by the United States to Mr. Elder. Because there is not substantial credible evidence to support the District Court's finding that the road was in place, was in use, and was a granted public road by reason of and pursuant to 43 U.S.C. § 932, we conclude that the finding was clearly erroneous.

II

Did the District Court err by concluding that the plaintiff had a road right of way by reason of prescriptive easement?

To establish a prescriptive easement, the owner of the dominant tenement must establish an open, notorious, exclusive, adverse, continuous, and uninterrupted use by the owner or successors in interest for the statutory period. Rathbun v. Robson (1983), 203 Mont. 319, 322, 661 P.2d 850, 852. The element of adverse use is established by presumption if all other elements of the claim are demonstrated. Garrett v. Jackson (1979), 183 Mont. 505, 508, 600 P.2d 1177, 1179. Then the burden shifts to the owner of the servient tenement to show that the use was merely permissive, not adverse. Garrett, 600 P.2d at 1179.

5

The District Court concluded that Mrs. Parker had presented evidence sufficient to establish the presumption of adverse use. We conclude that substantial evidence supports the District Court's determination.

Mrs. Elder argues that she properly rebutted the presumption of adverse use by establishing that Mrs. Parker's use of the road has always been a permissive use. "A disputable presumption may be overcome by a preponderance of evidence contrary to the presumption." Rule 301(2), M.R.Evid. The District Court concluded that Mrs. Elder had failed to establish permissive use by a preponderance of credible evidence. The issue before us is whether the court's determination was clearly erroneous. Rule 52(a), M.R.Civ.P.

Mrs. Elder contends that she met her burden by presenting "extensive evidence" of permissive neighborhood usage of the road. She argues that the Elders granted permission for use of the road as a route to the school house across the county road. However, Mrs. Schwalbe, a witness the lower court found to be "most credible," testified that her family (the plaintiff's predecessors in interest) and a number of other families were using the road in 1917 before the Elders ever moved to the area.

Mrs. Elder also argues that she demonstrated that her family exercised control over the road sufficient to overcome the presumption of adverse use. She relies upon Mrs. Parker's testimony that she would not have placed shale upon the road in 1979 had Mr. Elder objected. Mrs. Parker testified that she called Mr. Elder to see if he had any objection to her putting shale on the road, and he had none. However, she also testified that she never sought permission to either use or shale the road, that her call concerning shaling the road was merely a "neighborly act."

6

Another point of evidence relied upon by Mrs. Elder is her own deposition testimony that her husband had denied an earlier request by Mr. Parker to shale the road. The lower court did not find that this testimony outweighed the presumption of adverse use, and we do not find error in the court's conclusion. Mrs. Elder was testifying about an alleged conversation between her husband and Ralph Parker, both of whom are deceased.

Lastly, Mrs. Elder contends that the two gates across the road, together with all other evidence presented, was sufficient evidence to establish permissive use. The presence of gates may be strong evidence of mere license. Kostbade v. Metier (1967), 150 Mont. 139, 145, 432 P.2d 382, 386. However, the evidence supports the court's finding that the gates were used to control cattle. They were not used to control travel over the road. This evidence was not sufficient to rebut the presumption. Kostbade, 432 P.2d at 386.

We conclude that Mrs. Elder has failed to show that the District Court was clearly erroneous in finding that she had not established permissive use by a preponderance of evidence. We affirm the District Court's determination that Mrs. Elder had failed to rebut the presumption of adverse use.

Mrs. Elder argues that Mrs. Parker had failed to prove adverse use. We agree with the District Court's conclusion that adverse use need not be proved independent and apart from the presumption of adverse use. Unless properly rebutted, the presumption stands. Rule 301(2), M.R.Evid.

Finally, Mrs. Elder argues that the road has changed in location over the years; therefore, the prescriptive easement must fail. The same argument was discussed in Scott v. Weinheimer (1962), 140 Mont. 554, 562, 374 P.2d 91, 96:

7

> Although neither the owner of the dominant estate, nor the owner of the servient estate, may ordinarily change the location of all or part of a right of way, without consent of the other, the location may be changed by mutual consent of both parties and such consent may be implied from their acts and acquiescence.

Mrs. Parker testified that although the road had changed slightly, the changes were apparent to everyone and the Elders never objected. It is clear from the evidence that the Elders acquiesced in the changes in the road. The lower court found that the changes had been agreed to by the parties or their predecessors in title. We conclude that substantial credible evidence supports this finding.

We affirm the court's holding as to Issue II, that plaintiff had a road right of way by reason of prescriptive easement.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

8