No. 88-566

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

UNITED STATES FIDELITY and GUARANTY
COMPANY, a Maryland corporation,

Plaintiff and Appellant,

-vs-

RICHARD CROMWELL,

Defendant and Respondent.

APPEAL FROM:   District Court of the Fifteenth Judicial District,
In and for the County of Daniels,
The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William P. Driscoll, Gough, Shanahan, Johnson
and Waterman; Helena, Montana

For Respondent:

Jerrold L. Nye, Nye and Meyer; Billings, Montana

Submitted on Briefs: March 23, 1989

Decided: April 13, 1989

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiff, United States Fidelity and Guaranty Company (USF&G), is a bond surety appealing a judgment by the District Court, Fifteenth Judicial District, Daniels County, which denied recovery from defendant Cromwell for monies paid out by USF&G on a performance bond. The District Court sitting without a jury found that the plaintiff had not carried its burden of proof in proving that a signed and duly executed contract existed between the parties which could be enforced against Cromwell. USF&G appeals.

The sole issue on appeal is whether the District Court's findings and conclusions are clearly erroneous because USF&G argues that the record contains substantial credible evidence requiring recovery on the bond for the plaintiff. We affirm the District Court.

The standard of review for a judge sitting without a jury pursuant to Rule 52(a), M.R.Civ.P., is that the court's findings shall not be set side unless clearly erroneous. Thus, when the District Court's findings are based on substantial credible evidence, they are not clearly erroneous. Parker v. Elder (Mont. 1988), 758 P.2d 292, 45 St.Rep. 1305.

Defendant Richard Cromwell and Terry Forchak were farmers in Scobey, Montana. In 1983 they leased farm land owned by Howard Smith, Randy G. Smith and Debra K. Hersel (lessors). Cromwell and Forchak both signed the farm lease dated February 3, 1983; however, each maintained separate farming operations and were not business partners. The existence and the terms of the farm lease are not disputed.

The annual rent payment under the lease was $10,543 per lessee, for a yearly total of $21,086. On June 13, 1984, Cromwell and Forchak entered into an addendum to the farm lease which required both Cromwell and Forchak to furnish the lessors "a performance bond in the amount of the annual lease payment . . ."

On May 1, 1984, Cromwell and Forchak executed an "Application for License and Miscellaneous Bonds" with USF&G. The application was signed by both parties and offered into evidence at trial. The purpose of the application was to obtain the issuance of a bond from USF&G as surety with Cromwell/Forchak as principals to the lessors as obligees, in the amount of $10,543 which would assure the annual payments under the farm lease.

The terms of the application stated that Cromwell and Forchak would:

> indemnify [USF&G] against all losses, damages, claims, suits, costs, and expenses whatever, including court costs and counsel fees at law or in equity or liability therefor which [USF&G] may sustain or incur by reason of: executing or procuring said bond, or making an investigation on account of same, or evidence thereof from same, or procuring its release or evidence thereof from same, or defending, prosecuting or settling any claim, suit or other proceedings which may be brought or threatened by or against any of the undersigned or [USF&G] in connection with the same or any other agreements herein contained.

On June 25, 1984, USF&G claimed it issued bond number 28-0130-10341-84-6 with USF&G as surety and allegedly with Cromwell/Forchak as principals; lessors were named as obligees for the amount of $10,543. On August 29, 1984, Cromwell individually executed an "Application for License and Miscellaneous Bonds" (rider) from USF&G to increase the previous bond from $10,543 to $21,086 so that the entire annual amount due under the farm lease would be protected. Cromwell identified his signature on the second application offered into evidence at trial.

On September 10, 1984, USF&G issued the rider to the previous bond increasing the total amount to $21,086. The remaining terms and parties were identical to the original bond.

Cromwell paid his one-half of the rent in 1985 in the amount of $10,543. Forchak did not pay the remaining rent. He subse-

quently declared bankruptcy and was discharged from this obligation leaving an unpaid balance of $10,543 due the lessors.

The lessors notified USF&G of the default and made a claim against the bond in the fall of 1985 in the amount of $10,543. Williams testified on behalf of USF&G that he notified Cromwell and Forchak of the claim. After receiving no satisfaction from either of them, Williams paid the claim in January 1986 in the amount of $10,543 plus interest as demanded by the lessors/bond obligees.

USF&G filed suit against Cromwell and Forchak to recover on the bond for USF&G's monies paid out and the cost of their lawsuit. Forchak was dismissed later from the suit because his debt was discharged under the bankruptcy proceeding. USF&G proceeded against Cromwell individually as a principal on the bond. The case went to trial on June 10, 1988. The trial court made several findings leading to the ultimate conclusion that USF&G did not prove that an indemnification contract existed between USF&G and Cromwell because the best evidence of the contract (the contract/bond itself) had not been admitted into evidence and all of the oral testimony offered to prove the contents of the contract was disputed. It is that conclusion and the findings leading up to it which USF&G cites as error by the District Court.

We note here at the outset that this is not a question of suretyship law nor contract interpretation. The dispositive issue is whether the plaintiff followed the rules of evidence to prove that an indemnification contract existed such that the contract could be enforced against the defendant and the plaintiff would prevail. The District Court found that the plaintiff did not.

Section 28-2-903, MCA, provides that a promise to answer for the debt, default or miscarriage of another must be in writing. The district judge concluded in Conclusion of Law #1 that no such written document was introduced in evidence in this case. We agree.

4

I. Best Evidence

At trial USF&G failed to introduce the original bond or the original rider. Instead, Williams, as custodian of the records for USF&G, introduced a sample form of the bond and the rider with the appropriate information typed in to show the court what obligations the bond purported to impose. Williams testified that the originals were likely in the hands of the lessors. However, USF&G offered no certainty as to where the originals were and no reason as to why they were not produced. That is not acceptable under the Rules of Evidence.

Rule 1004, M.R.Evid., states that the original writing is not required if it is

      (1) lost or destroyed;

      (2) not obtainable by judicial process;

      (3) in the hands of the opponent; or

      (4) if it relates only to a collateral matter.

The District Court was not allowed to make a finding under this rule as to whether the original was necessary because the plaintiff offered no reason for its absence.

Rule 1007, M.R.Evid., states that no accounting for the nonproduction of the original will be required if the contents of the writing (1) may be proved by testimony or (2) by written admissions of the party against whom it is offered. However, this rule is inapplicable to these facts because USF&G tried both approaches and failed.

During discovery USF&G requested Cromwell to admit the authenticity of a copy of the bond. Cromwell declined, stating that he had no actual knowledge that a bond had been issued and did not recall ever signing a bond. During trial Cromwell testified that while he believed a bond may have been issued, he did not know if he was the named principal and had no recall of signing a bond charging him with its obligations. Cromwell stated that he only signed an application filled out by an insurance agent in order to fulfill his obligations under the farm lease.

5

When Cromwell declined to admit to the authenticity of a copy of the bond during discovery, it became incumbent upon USF&G at trial to come forth and produce the bond, or put in evidence the reason why the original bond was not produced and why secondary evidence should be allowed to prove that the contract existed, Rule 1004, M.R.Evid. Those failures by USF&G were fatal to its case.

The District Court had no evidence from which it could make a finding that Cromwell signed the bond, thus duly executing the contract, or that he was named as a co-principal on the bond in order to enforce it against him. Moreover, Williams testified that he did not know for certain to whom bond number 28-0130-10341-84-6 was paid. He brought no documentation or business records with him to trial to refresh his memory of the transaction, his recollection was only that $10,543 plus "a couple hundred dollars" interest was paid out on the bond to someone.

USF&G argues that a conclusion that the contract existed is supported by the record because Cromwell signed an application to procure a bond and because on cross-examination Cromwell stated he believed a bond had been issued. Likewise, during discovery, Cromwell admitted that he believed a bond had been issued, although he had not signed one and had no record of one. From there, USF&G wishes us to fill in the blank spaces in its case because it, in fact, issued a bond and paid a claim against it to someone. But this Court cannot do that. The findings made by the court were not clearly erroneous in light of the evidence.

Because the entire case turns on existence of the contract, we decline discussion on plaintiff's other citations of error by the District Court. The District Court was correct in ruling that the best evidence of a contract had not been received into evidence and that the existence of a contract enforceable against Cromwell had not been proved.

Judgment affirmed.

_____
Chief Justice

6

We concur:

John Conway Harrison

John C. Sheehy

William E Hunt Sr

A. C. McDonough

L. C. Gulbrandson

_____
               Justices