JUSTICE WEBER,
dissenting:
In reversing the District Court, this Court has become the finder of fact, which is appropriate only in limited circumstances which do not apply here. Rule 52(a), M.R.Civ.P., states that a district court’s findings of fact shall not be set aside unless “clearly erroneous,” and that “due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.” In Parker v. Elder (Mont. 1988), [233 Mont. 75,] 758 P.2d 292, 293, 45 St.Rep. 1305, 1307, this Court pointed out that if substantial credible evidence supports the findings, they are not clearly erroneous.
The majority concluded there were inequities in the transfers by an elderly man and have set aside the District Court’s findings. The majority analyzes the evidence and sets forth its own findings of fact. The majority opinion does not analyze the findings of fact and the supporting evidence as determined by the District Court.
The District Court pointed out that the plaintiff called five witnesses and the defendants called six witnesses. With regard to the transfer of the house, the District Court found:
“8. On February 4, 1987, Dorothy took Clarence to Robert Clary’s law office where Clarence told Robert Clary that [he] wanted to prepare his Last Will and Testament. He told Robert F. Clary, Jr. that he wanted to leave his house, his automobile and the contents of the house to Dorothy Britton. After some discussion, Clarence B. Neidigh decided that because his own children, Dwight Neidigh and *403 Rose Christensen, might contest such a provision in his will, he instructed Robert F. Clary, Jr. to prepare a deed of the house and its contents to Dorothy Britton as he wished to make to her an immediate gift of this property to avoid any future will contests ...” With further regard to the transfer of the house, the District Court found:
“9. Following the transfer of the house to Dorothy, Clarence continued to live in the house until November or December 1987 when he moved to another house he had purchased. In connection with the deed of the house to Dorothy, there was an oral understanding between Clarence and Dorothy that Clarence could stay in the house as long as he wanted to so long as he paid the taxes and maintenance on the house . . .”
With regard to the issue of duress and undue influence, the final finding of fact by the District Court was:
“19. Although Clarence now wants his property to him the court finds that the evidence presented does not establish that Clarence’s decisions with respect to his financial affairs and property interests were made under duress or undue influence. The evidence preponderates in favor of finding that Clarence made his own decisions and knew what he was doing at those times. His property disposition decisions may have been unwise. Clarence himself did not testify that he was coerced or under undue influence from anyone when he made the gifts of his property and when he married Kim Stevens.” (Emphasis supplied.)
The District Court then made the following conclusions of law which have elements of factual findings in them;
“2. Clarence B. Neidigh made a valid gift by deed of his house together with the furniture, furnishings and equipment located therein to Dorothy Britton on February 10, 1987 . . .
“3. The various transactions between Clarence B. Neidigh and Dorothy Britton whereby she sold to him a 1982 Ford, household furnishings and guns were fair and regular.
“5. The loans made by Clarence B. Neidigh to Dorothy Britton and Joyce Langie [sic] have been repaid in full and there remains no balance due to Clarence B. Neidigh on thse [sic] loans.
“6. There is no evidence that the gift made by deed from Clarence B. Neidigh to Dorothy Britton was obtained through duress or undue influence.” (Emphasis supplied.)
While the record does contain substantial evidence in support of *404 the findings set forth in the majority opinion, the record also contains substantial evidence to support the findings of the District Court. It is interesting to note that the district judge specifically found that a reason for the transfer of the real property was to prevent will contests and an attempt to obtain the property by his children. The record demonstrates that it is Rose Christensen, one of those two children who has acted as the plaintiff.
I conclude there is substantial credible evidence to support the findings of the District Court, and this should be the end of the inquiry. I would affirm the District Court.
JUSTICE HUNT joins in the foregoing dissent of JUSTICE WEBER.