No. 98-078

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 123N

MICHAEL BAKER and KORI BAKER,
husband and wife,

Defendants and Appellants,

v.

ROBERT IVEY and JOYCE IVEY,
husband and wife,

Plaintiffs and Respondents.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Marshall Murray, Kalispell, Montana

For Respondent:

Dean Knapton, Kalispell, Montana

Submitted on Briefs: April 30, 1998

Decided: May 15, 1998
Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996
Internal Operating Rules, the following decision shall not be cited as precedent
but shall be filed as a public document with the Clerk of the Supreme Court
and shall be reported by case title, Supreme Court cause number and result to
the State Reporter Publishing Company and to West Group in the quarterly
table of noncitable cases issued by this Court.

¶2     This is an appeal by Michael and Kori Baker (Bakers) from the District
Court's July 1, 1997 Findings of Fact, Conclusions of Law and Order and the
"deemed" denial of Bakers' Rules 52(b) and 59(g), M.R.Civ.P.,  motion to
amend the court's Conclusion of Law No. 4.  We reverse and remand for
further proceedings consistent with this opinion.

Background

¶3     Robert and Joyce Ivey (Iveys) sued Bakers in an action seeking a
declaratory judgment, an injunction and damages.  Iveys claimed that Bakers
were unlawfully driving over and parking and storing vehicles on a 60-foot
strip of land owned by Iveys.  Iveys also claimed that Bakers were unlawfully
gaining access to Bakers' property by way of a 12-foot paved roadway. This
paved roadway was off, but near, a 12-foot easement originally established in
1962 by Bakers' predecessors in interest, Hindmans, for access to the property
now owned by Bakers.  Iveys further claimed that Bakers were wrongfully
driving and parking vehicles and allowing others to park off the original 12-foot
easement.
Finally, Iveys claimed that Bakers wrongfully interfered with
Iveys' attempts to construct a fence adjacent to and to gate the roadway.
Bakers answered and counter-claimed denying that Iveys were entitled to any
relief.  On the theory of prescriptive use, Bakers also sought to have the court
grant them use of the paved roadway along with the use of an extended area
abutting the roadway.

¶4     The case was tried to the Eleventh Judicial District Court on December
21, 1995, and subsequent to the parties' testimony and to their presentation of
oral and written evidence, the court viewed the disputed properties.  In due
course the court entered detailed findings of fact,  conclusions of law and an
order.

¶5     In summary, the court ruled in favor of Iveys to the extent of denying
Bakers any right to use the 60-foot strip.  The court also ruled against Iveys
and in favor of Bakers to the extent that the court decreed that Bakers are
entitled to prescriptive use of the paved 12-foot roadway for ingress and egress
in accordance with the original easement uses established in favor  of their
property in 1962.

¶6     However, in its Conclusion of Law No. 4, the District Court determined
that:
     [Bakers'] use of property along the easement in excess of the
     granted easement has not been shown to be sufficiently
     continuous and adverse, and not the result of neighborly

accommodation, to establish a prescriptive right to use that portion of [Iveys'] property.

Bakers moved to amend this conclusion to read:

[Bakers'] use of the property along the easement in excess of the granted easement and over the paved road and the extended area up to 32 feet in width at the Ivey/Baker property line, and narrowing at 50 feet to 14 and one-half feet in width, has been shown to be sufficiently continuous and adverse to establish a prescriptive right to use that portion of [Iveys'] property.

The trial court did not timely rule on this motion.  Accordingly, it was deemed denied.   Rules 52(d) and 59(g), M.R.Civ.P.  Bakers timely appealed.

Issue

¶7    As their sole issue on appeal, Bakers argue that the District Court's Conclusion of Law No. 4 was legally incorrect given the evidence introduced in support of their counter-claim.

Standard of Review

¶8    We review a district court's findings of fact to determine whether they are clearly erroneous.  A district court's findings are not clearly erroneous if they are supported by substantial evidence; if the trial court did not misapprehend the effect of the evidence; and if our review of the record leaves us without a definite and firm conviction that a mistake was  committed.  We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct.  Public Lands Access v. Boone &Crockett (1993), 259 Mont. 279, 283, 856 P.2d 525, 527 (citations omitted).

Discussion

¶9    In Public Lands Access, we set out the general rule governing the establishment of easements by prescription or adverse use.

To establish an easement by prescription, the party claiming an easement "must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement claimed for the full statutory period [which is ] five years."  The burden is on the party seeking to establish the prescriptive easement.  "All elements must be proved in a case such as this because 'one who has legal title should not be forced to give up what is rightfully his without the opportunity to know that his title is in jeopardy and that he can fight for it.'"

"To be adverse, the use of the alleged easement must be exercised under a claim of right and not as a mere privilege or license revocable at the pleasure of the owner of the land; such claim must be known to, and acquiesced in by, the owner of the land."  "If the owner shows permissive use, no easement can be acquired since the theory of prescriptive easement is based on adverse use."

Public Lands Access, 259 Mont. at 283-84, 856 P.2d at 527 (internal citations omitted).

¶10  Moreover,

[a] use of a neighbor's land based upon mere neighborly accommodation or courtesy is not adverse and cannot ripen into a prescriptive easement.  Thus where the use of a way by a neighbor [is] by express or implied permission of the owner, . . . the continuous use of the way by the neighbor [is] not adverse and [does] not ripen into a prescriptive right.

 Public Lands Access, 259 Mont. at 284, 856 P.2d at 528 (quoting  Wilson v. Chestnut (1974), 164 Mont. 484, 491, 525 P.2d 24, 27).  "Neighborly accommodation is a form of permissive use which, by custom, does not require permission at every passing."  Lemont Land Corp. v. Rogers (1994), 269 Mont. 180, 186, 887 P.2d 724, 728 (citing  Public Lands Access, 259 Mont. at 284, 856 P.2d at 528).

¶11  Finally, "the proper burden of proof in prescriptive easement claims is that each element of a prescriptive easement must be proven by the claimant by clear and convincing evidence."  Wareing v. Schreckendgust (1996), 280 Mont. 196, 206, 930 P.2d 37, 43 (citing Kostbade v. Metier (1967), 150 Mont. 139, 143, 432 P.2d 382, 385; Warnack v. Coneen Family Trust (1994), 266 Mont. 203, 216, 879 P.2d 715, 723).

¶12  Keeping in mind our standard of review and these governing principles of the law of prescriptive easements, we turn to the record.  At trial, Michael Baker testified generally and offered other evidence that because of the grade of the 12-foot roadway, winter driving conditions would at times necessitate persons who are using the paved roadway to drive off the roadway itself and onto the adjacent property.  Such conditions would also sometimes require parking off the roadway proper.  Mr. Baker stated that he had regularly used more than the 12-foot roadway for driving and parking in this fashion since he purchased his property in March 1988--i.e., for a time in excess of the statutory period of five years.  Specifically, he testified to usage of 32 feet of width at the common boundary line between the Baker and Ivey property where the paved road crosses the boundary line, narrowing within 50 feet to 14« feet and thereafter narrowing even more. Mr. Baker stated that, excepting one conversation about persons parking by Bakers' well head, neither he nor his wife, whom he married in 1994, ever had any discussion with either Mr. or Mrs. Ivey regarding permissive or other use of the road or with regard to any other related issue.  Mr. Baker testified that when Mr. Ivey attempted to fence off the roadway in October 1994, he removed a portion of the fence and a couple of fence posts to keep the roadway open.  Moreover, Mr. Baker stated that when Mr. Ivey blocked the roadway with a pickup and horse trailer, he called the sheriff.  Mr. Baker disputed his using the paved roadway or property in excess of the easement by permission or merely because of neighborly accommodation.

¶13  This testimony and evidence offered by Bakers was virtually unrefuted

by Iveys. Mr. Ivey testified that they (Iveys and their guests) and Bakers' predecessors, Hindmans, would occasionally drive and park off the paved 12-foot roadway. Mr. Ivey's testimony implies that such usage was permissive or by neighborly accommodation, although he did not testify as to any details leading to that conclusion. Iveys offered no testimony of any discussions or conversations granting Bakers permission to use either the paved roadway or property off the roadway. Furthermore, whatever neighborly accommodation may have existed between Iveys and Hindmans, there is no evidence that this continued after Bakers purchased the property. In fact, the only testimony of neighborly accommodation was that offered by Mr. Baker, and that pertained to his providing some general upkeep and lookout services over Iveys' property in their frequent absence. It had nothing to do with the roadway usage.

¶14 Moreover, while Iveys contend that they were unaware that Bakers were claiming prescriptive rights, Mr. Ivey did testify that he was aware that Bakers were "abusing" the easement occasionally over a period of several years. Furthermore, this latter testimony, must also be viewed in the context that Bakers were year-round residents of their property and Iveys were only occasional residents of their property--sometimes in the summer and virtually never in the winter or overnight. If Iveys were unaware of the extent of Bakers' prescriptive uses of and claims to the property off the paved roadway, this lack of knowledge is likely a function of their own infrequent use of their property, rather than from any actual lack of open, notorious, exclusive, adverse, continuous and uninterrupted use by Bakers.

¶15 We agree with the observation of Bakers in their opening brief on appeal. The main focus of Iveys' case was to establish the location of Bakers' easement to be over a route different from that of the paved roadway. Permission and restricted use issues were neither effectively raised in Iveys' case in chief nor rebutted by Iveys in Bakers' case. Bakers met their burden of establishing prescriptive rights to the area in excess of the 12-foot paved roadway as described in their proposed Conclusion of Law No. 4, by clear and convincing evidence. Iveys failed in their burden to establish the use of such area by either permission or neighborly accommodation.

¶16 Therefore, having reviewed the entire record of this case, we conclude that the District Court's findings of fact as regards Bakers' entitlement to use the 12-foot paved roadway are not clearly erroneous and that its conclusions of law are, likewise, correct. However, the substantial evidence which supports Bakers' prescriptive entitlement to use the 12-foot paved roadway also supports their right to use the property in excess of the easement described in their proposed Conclusion of Law No. 4. As to the latter, we hold that the trial court misapprehended the effect of the evidence adduced by the Bakers (which was unrefuted by the Iveys) and that the court's Conclusion of Law No. 4 is, therefore, incorrect.

¶17 Accordingly, as to the District Court's Conclusion of Law No. 4, we reverse and remand for entry of an order amending this conclusion to accord with Bakers' proposed Conclusion of Law No. 4 and for entry of an appropriate amended judgment in Bakers' favor.

¶18  Reversed and remanded for further proceedings consistent with this opinion.

/S/  JAMES C. NELSON


We Concur:

/S/  J. A.  TURNAGE
/S/  TERRY N. TRIEWEILER
/S/  JIM REGNIER
/S/  KARLA M. GRAY